889 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merton E. BOND, Plaintiff-Appellant,
v.
Wallace WILKINSON, Governor of Commonwealth of Kentucky,
Defendant-Appellee.
 No. 89-5435.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1989.
 
 1
 Before KRUPANSKY and RYAN, Circuit Judges, and JAMES P. CHURCHILL, Chief District Judge.*
 
 ORDER
 
 2
 Merton Bond, a pro se Kentucky prisoner, appeals the district court's judgment dismissing his civil rights suit filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief and release from prison, Mr. Bond sued Governor Wilkinson alleging that he was unlawfully imprisoned, that he was convicted with fictional evidence, and that his constitutional rights were violated by the state sentencing court. Upon recommendation of the magistrate, and over the plaintiff's objections, the district court dismissed the suit as barred under the eleventh amendment and because plaintiff would have to file a petition seeking a writ of habeas corpus under 28 U.S.C. Sec. 2254, following exhaustion of state court remedies, in order to obtain release from prison.
 
 
 4
 Upon review, we affirm the district court's judgment. The eleventh amendment does indeed bar the plaintiff from suing the Governor for monetary damages. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989); Graham v. National Collegiate Athletic Ass'n, 804 F.2d 953, 959 (6th Cir.1986). Bond can also not seek to hold the defendant liable on a respondeat superior theory. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Finally, absent any showing that he has exhausted his state court remedies, the complaint was also properly dismissed as habeas relief was simply not available to this plaintiff under 28 U.S.C. Sec. 2254. See Preiser v. Rodriguez, 411 U.S. 475 (1975).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation